UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| THEODORE J. VORE,<br><br>        Plaintiff,<br><br>  vs.<br><br>CLIFFORD L. OSBORN,<br><br>        Defendant. | CIV. 13-5075-JLV<br><br>ORDER |

**INTRODUCTION**

Plaintiff Theodore Vore filed a complaint against defendant Clifford Osborn seeking recovery for Vore's injuries suffered in a collision between their two motorcycles on August 5, 2012. (Docket 1). Osborn filed an amended answer and counterclaim seeking recovery for his own injuries. (Docket 7). Vore filed an answer to the counterclaim. (Docket 8). Vore now files a motion for summary judgment, supported by a statement of undisputed material facts, asserting Osborn violated one or more South Dakota statutes which constitutes negligence *per se* and asserting Osborn's contributory negligence bars recovery on his counterclaim. (Dockets 33 & 35). Osborn filed a response and statement of material facts in opposition to the motion for summary judgment. (Docket 42). Vore filed a motion to strike Osborn's statement of material facts. (Docket 46). For the reasons stated below, Vore's motion to strike is overruled and motion for summary judgment is denied.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment if the movant can "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its burden, the nonmoving party may not rest on the allegations or denials in the pleadings, but rather must produce affirmative evidence setting forth specific facts showing that a genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. Id. at p. 248. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247-48 (emphasis in original).

If a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment is not appropriate. Id. However, the moving party is entitled to judgment as a matter of law if the nonmoving party failed to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In such a case, "there can be 'no genuine issue as to any material fact,' since a

complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at p. 323.

In determining whether summary judgment should issue, the facts and inferences from those facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The key inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at pp. 251-52.

## MOTION TO STRIKE

Vore filed an objection to Osborn's statement of material facts. (Docket 46). The court views the objection as a motion to strike. Vore argues Osborn's statement does not contain facts, but rather constitutes argument, and if the statement does constitute declarations of disputed facts, those facts are not material to Vore's motion for summary judgment. Id.

Osborn's submission admits a number of undisputed statements of material fact, properly objects to others and identifies a number of disputed facts by citation to the record. (Docket 42). Osborn "contend[s] there are genuine issues of material fact" and makes specific references to the testimony and exhibits supporting his position. Id.

In resisting a motion for summary judgment, an opposing party must "assert[] that a fact . . . is genuinely disputed . . . by citing to particular parts of

materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A). The court's local rules require that "[a] party opposing a motion for summary judgment will identify any material facts as to which it is contended that there exists a genuine material issue to be tried." D.S.D. Civ. LR 56.1(B). The court finds Osborn's submission proper under Rule 56(c)(1) and Local Rule 56.1(B). Vore's motion to strike is overruled.

## **FACTUAL SUMMARY**

The following recitation consists of the material facts developed from Vore's complaint (Docket 1), Osborn's amended answer and counterclaim (Docket 7), Vore's answer to the counterclaim (Docket 8), Vore's statement of undisputed material facts (Docket 35) and Osborn's response to Vore's statement of undisputed material facts (Docket 42). Where a statement of fact is admitted by the opposing party, the court will only reference the initiating document. These facts are "viewed in the light most favorable to [Osborn who is] opposing the motion." Matsushita Elec. Indus. Co., 475 U.S. at 587. The facts material to Vore's motion for summary judgment are as follows.

During the afternoon of August 5, 2012, Vore was riding his 2006 Harley-Davidson motorcycle east on U.S. Highway 14A between Deadwood and Sturgis, South Dakota. (Docket 1 ¶ 4). Osborn was riding his 2008 Honda Goldwing motorcycle traveling east following Vore's motorcycle. Id. ¶ 5; see also Docket 35 ¶ 1. Highway 14A consists of four lanes of travel with two eastbound lanes and two westbound lanes separated by a double yellow line. (Dockets 35

4

¶ 2 & 42 ¶ 2). Both motorcycles were traveling in the outside lane for eastbound traffic. (Docket 35 ¶ 3).

At about mile post 42.5 the two motorcycles collided. (Dockets 1 ¶ 7 & 7 ¶ 6). The exact location within the two eastbound lanes where the motorcycles collided is unclear. (Docket 42 ¶ 6). Vore has no memory of the collision and Osborn believes the point of impact may have been near the centerline separating the two eastbound lanes. Id. ¶¶ 6 & 8.

According to Osborn, Vore began to slow down and move to the right in a slight deviation. Id. ¶ 5. In response, Osborn began to move to the left but remained in the same lane. Id. Without signaling his movement, Vore began what appeared to be a U-turn movement cutting across the outside lane in his path of travel. Id. Osborn did not see any brake lights or turn signals from Vore's motorcycle. (Docket 35 ¶ 5). Osborn testified he did not have time to brake in response to Vore's quick motion and the motorcycles collided. (Docket 42 ¶ 5).

Vore's injuries occurred on the left side of his body and his motorcycle sustained damage on its left side. Id. ¶ 14. Osborn sustained injuries to an ankle and his right hand. Id. According to the testimony of Osborn's expert, the impact and injuries to both drivers and their motorcycles are consistent with Osborn's version of the collision. Id.

**DISCUSSION**

**A.     Applicable Law**

The parties agree the court has jurisdiction pursuant to 28 U.S.C. § 1332 as it is a diversity action. (Dockets 1 ¶ 3 & 7 at p. 3 ¶ 1). In diversity actions, the court applies the substantive law of the forum state. See Jordan v. NUCOR Corp., 295 F.3d 828, 834 (8th Cir. 2002). "[F]ederal courts sitting in diversity cases, when deciding questions of 'substantive' law, are bound by state court decisions as well as state statutes." Hanna v. Plumer, 380 U.S. 460, 465 (1965) (referencing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)). See also In re Baycol Products Litigation, 616 F.3d 778, 785 (8th Cir. 2010) ("in a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state.") (internal citations omitted). Only then can the court determine whether summary judgment is appropriate. United States v. One Parcel of Real Property, 27 F.3d 327, 329 n.1 (8th Cir. 1994). In this case, the forum state is South Dakota. Accordingly, the court shall apply South Dakota law.

**B.     CONTRIBUTORY NEGLIGENCE**

Under South Dakota law "[e]very person is responsible for injury to the person, property, or rights of another caused by his . . . want of ordinary care or skill, subject . . . to the defense of contributory negligence." SDCL § 20-9-1. Contributory negligence is an affirmative defense which must be pled. SDCL § 15-6-8(c).

A claim of contributory negligence by a party asserting a claim "does not bar a recovery when the contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant, but in such case, the damages shall be reduced in proportion to the amount of plaintiff's contributory negligence." SDCL § 20-9-2. In the posture of the present motion, the court must determine whether the contributory negligence of Osborn, as a counterclaim plaintiff, is "slight in comparison with the negligence" of Vore, the counterclaim defendant. Id. In other words, "even if [Vore's] negligence is proven, recovery may be barred or reduced by [Osborn's] own contributory negligence." Mitchell v. Ankney, 396 N.W.2d 312, 313 (S.D. 1986). "Issues of negligence, contributory and comparative negligence . . . are ordinarily questions of fact and it must be a clear case before a trial judge is justified in taking these issues from the jury. It is only when reasonable men can draw but one conclusion from facts and inferences that they become a matter of law and this rarely occurs." Id. (internal quotation marks and citation omitted).

**C.     OSBORN'S COUNTERCLAIM**

Vore's answer to Osborn's counterclaim asserts the affirmative defense of contributory negligence. Vore claims "the injuries [Osborn] sustained are the result of [Osborn's] own negligence, which negligence was more than slight barring any recovery on the part of [Osborn]." (Docket 8 ¶ 7). By the motion for summary judgment, Vore seeks to strike Osborn's counterclaim on the basis "that Osborn's conduct . . . constituted negligence as a matter of law." (Docket

7

47 at p. 1). Vore concedes that the court must "view facts in a light most favorable to Osborn." (Docket 34 at p. 4) (referencing Matsushita Elec. Indus. Co., 475 U.S. at 587-88).

Vore argues that by Osborn's own testimony he violated a number of South Dakota safety statutes. Id. Vore claims Osborn violated SDCL § 32-20-9.1 ("[a]ll motorcycles are entitled to full use of a lane and no motor vehicle may be driven in such manner as to deprive any motorcycle of the full use of a lane."); SDCL § 32-20-9.2 ("[t]he operator of a motorcycle may not overtake and pass in the same lane occupied by the vehicle being overtaken."); and SDCL § 32-20-9.3 ("[n]o person may operate a motorcycle between adjacent lanes of traffic, or between adjacent lines or rows of vehicles."). Id. at pp. 4-5. Vore argues because "Osborn failed to comply with these safety statutes" he is, "as a matter of law . . . contributorily negligent." Id. at p. 5. Vore asserts that "[b]ecause Osborn was negligent, the only question remaining is whether Osborn's negligence is more than slight in comparison to any negligence of Vore." Id. Vore submits this analysis is not a question of fact, but rather a question of law. Id. (referencing Creagor v. Al's Construction Co., 68 N.W.2d 484, 486-87 (S.D. 1955).

Creagor stands for the proposition that "[w]here reasonable minds might draw different inferences or conclusions from facts proved, the matter in issue must be submitted to the jury; but where undisputed facts are of such a nature that reasonable men could not differ as to whether exhibited conduct conforms

8

to established conduct, the question is one of law for the Court." Creager, 68 N.W.2d at 486-87. "If, on the record, considered separately from the negligence of [Vore], it may be said as a matter of law that [Osborn's] contributory negligence was more than slight, he cannot recover, and the necessity for submission of the [Vore's] negligence does not exist. If [Osborn] was guilty of contributory negligence which in itself was more than slight, he cannot be permitted to recover." Id. at 487 (referencing Will v. Marquette, 40 N.W.2d 396 (S.D. 1949).

Osborn claims a "sudden emergency was created by the conduct of Vore." (Docket 41 at p. 5). This sudden emergency was created according to Osborn because Vore violated other safety statutes of the State of South Dakota. Id. at p. 6. The statutes claimed to have been violated are SDCL § 32-26-6 ("[A] vehicle shall be driven as nearly as practical entirely within a single lane and may not be moved from such lane until the driver has first ascertained that such movement can be made with safety."); SDCL § 32-26-22.1 ("no person may stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal . . . to the driver of any vehicle immediately to the rear when there is an opportunity to give such signal. The signal . . . shall be used to indicate an intention to turn, change lanes, or stop . . . ."); SDCL § 32-26-25 ("No vehicle, within a no-passing zone that is designated and marked . . . may be turned so as to proceed in the opposite direction, nor may any such turning movement be . . . made unless it can be made in safety and without interfering with other traffic."); and SDCL § 32-26-18 ("The driver of a vehicle intending to turn left shall

approach the turn in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of the vehicle.").

"Violation of a safety statute is negligence as a matter of law unless it is legally excused." Dartt v. Berghorst, 484 N.W.2d 891, 896 (S.D. 1992). "A legal excuse . . . must be something that would make it impossible to comply with the statute." Id. at 896 (internal citation omitted). The South Dakota Supreme Court identifies four circumstances which excuse compliance with a safety statute. Those are:

(1) Anything that would make compliance with the statute impossible;

(2) Anything over which the driver has no control which places his [motorcycle] in a position violative of the statute;

(3) An emergency not of the driver's own making by reason of which he fails to observe the statute; and

(4) An excuse specifically provided by statute.

Id. (internal citation omitted). "Noncompliance must be caused by circumstances beyond the driver's control and not produced by his own misconduct." Id.

Considering the evidence in the light most favorable to Osborn as the court must in resolving this motion for summary judgment, the evidence in the record is that without warning Vore slowed, moved to the right and was in the process of making a U-turn across two lanes of traffic at the time of the collision. Whether Vore's conduct created a sudden emergency, thereby excusing Osborn's

10

noncompliance with the South Dakota safety statutes applicable to his conduct, is disputed.

Even if the court were to find Osborn was negligent, his negligence must still be compared to Vore's negligence to bar Osborn from recovery. SDCL § 20-9-2. "The term slight in SDCL § 20-9-2 has been defined to mean small in quantum in comparison with the negligence of the [other party]." Estate of He Crow v. Jensen, 494 N.W.2d 186, 188 (S.D. 1992) (internal citation and quotation marks omitted). "It is a question of fact which varies with the facts and circumstances of each case whether [Osborn's] negligence is slight compared to that of [Vore]." Id.

"[I]t must be a *clear* case before a trial judge is justified in taking these issues from the jury." Baddou v. Hall, 756 N.W.2d 554, 562 (S.D. 2008) (internal citation omitted). Whether the collision occurred in the manner described by Osborn and created a sudden emergency relieving him from compliance with state law is a jury question. "[C]redibility is for the jury to decide." Id. at 561 (internal citation omitted) (emphasis in original).

For these reasons, Vore's motion for summary judgment based on a claim of Osborn's negligence *per se* or contributory negligence greater than slight so as to bar recovery is denied.

**ORDER**

Based on the above analysis, it is

ORDERED that Mr. Vore's motion to strike and objection (Docket 46) is overruled.

IT IS FURTHER ORDERED that Mr. Vore's motion for summary judgment (Docket 33) is denied.

Dated September 14, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE